By the Court.
It is urged by the plaintiff in error that the judgment of the court of appeals should be reversed because an examination of the record will disclose that the decision of that court, in reversing the judgment of the court below, was based upon the weight of the evidence and was rendered by a divided court, in contravention of the provision in Section 6 of Article IV of the Constitution, as amended in September, 1912, that “No judgment of a court of common pleas, a superior court or other court of record shall be reversed *321 except by the concurrence of all the judges of the court of appeals on the weight of the evidence.”
It appears from the record that on June 19 Stugard, administrator, filed a motion for a judgment of affirmance by the court of appeals upon the decision and opinion “heretofore rendered by the majority of this court in this cause and the dissenting opinion of Hon. Oliver B. Jones, copies of which opinions are hereto attached and made part hereof,” and further sets out the constitutional provision referred to.
It also appears from the record that on the following day the court entered its judgment reversing the judgment of the superior court. The pertinent part of the entry is as follows: “Upon consideration whereof the court finds that there was error in the proceedings and judgment of the superior court of Cincinnati in this, to-wit: That the court erred in overruling defendant’s motion made at the conclusion of all of the evidence to direct the jury to return a verdict for the defendant.” There is not included in the court’s entry anything whatever to indicate that its judgment was not concurred in by all the members of the court. So far as the record goes, all three of the judges may have concurred in overruling the motion of Stugard, administrator, for judgment of affirmance. The entry simply shows that the judgment was the judgment of the court of appeals, and the presumption is that it was rendered in accordance with the law and in accordance with the provisions of the constitution. We are not at liberty to find that this was not done from the statement of extraneous *322 facts in a motion filed by one of the parties. In a proper case a party' could preserve his exception to the action of the court by a bill of exceptions, duly authenticated, or could procure the statement of the facts'in the entry of the court, and if the court should refuse such bill or such statement in the entry it could be compelled by mandamus to correct its-record.
It will be observed that the judgment of the court of appeals is based on its finding that the superior court erred in overruling the defendant’s motion, made at the conclusion of all of the evidence, to direct the jury to return a verdict for the defendant. We. think this was error. An examination of the record shows that there was evidence tending to show that the crossing was a much-traveled one and that there was neither gate, crossing bell nor watchman; that the train was moving at a high rate of speed, which the jury might properly have found to be negligent, when considered in connection with the obstructions preventing a clear view of the track and with the cut and curve a comparatively short distance away. There was also evidence tending to show that no whistle that could be heard at the crossing was sounded'.
With reference to the question of contributory negligence, we think it clear that it cannot be said to be undisputed, or to be the necessary conclusion from conceded facts, that the decedent was guilty of contributory negligence. It was undoubtedly the duty of the decedent to look and listen for the train before he attempted to cross, and to do this a sufficient distance from the tracks, so that he *323 could allow the train to pass without peril to himself if it should be coming. Our attention has not been called to any evidence in the record which shows that the decedent did not perform this duty. It might well be argued that, in the light of all the circumstances which are shown by the evidence, the inference could be properly drawn that he did not do so. But it is the function of the jury to draw this inference and to find this ultimate fact.
In Cavey, Admx., v. Iliff et al., 84 Ohio St., 456, the circuit court reversed the judgment of the common pleas court on the ground that it erred in overruling the motion of the defendants, at the conclusion of the evidence, to arrest the case from the jury, and entered final judgment in the case. This court reversed the final judgment and remanded the cause for a new trial. The entry was as fol: lows: “This court, finding from the record that the judgment of the circuit court is in effect an adjudication that the judgment of the court of common pleas is against the weight of the evidence, the judgment of reversal is affirmed. But this court being of opinion that the cause should be submitted to a jury, the final judgment rendered by the circuit court is hereby reversed.”
So in this case, it being disclosed by the record that the judgment of the court of appeals is, in effect, a finding that the judgment of the superior court is against the weight of the evidence, the judgment of the court of appeals rendering final judgment is reversed, its judgment reversing the judgment of the superior court is affirmed, and the *324 cause is remanded to the superior court for further proceedings according to law.

Judgment accordingly.

Nichols, C. J., Johnson, Wanamaker, Newman and Matthias, JJ., concur.